519 P.2d 886

**Grant M. ROBERTSON and Edith Williams Robertson, aka Edith L. Robertson, his wife, Plaintiffs and Respondents,**

v.

**Donald W. GEIS et al., Defendants and Appellant.**

**INTERMOUNTAIN CAPITAL CORPORATION OF UTAH, a corporation, Defendant, Third-Party Plaintiff and Appellant,**

v.

**John W. ROBERTSON and Zelda Robertson, his wife, Third-Party Defendants.**

**Nos. 12902, 13099.**

Supreme Court of Utah.

Feb. 25, 1974.

L. Delos Daines, Salt Lake City, for Sloan Smith.

Gerald L. Turner, Salt Lake City, for Donald Geis.

Robert D. Merrill, of Van Cott, Bagley, Cornwall & McCarthy. Walter P. Faber, Jr., and R. Bruce Gordon, of Watkins & Faber, Salt Lake City, for Intermountain Capital Corp.

David K. Winder, of Strong & Hanni, Salt Lake City, for Grant M. Robertson and Edith L. Robertson; and John W. Robertson and Zelda Robertson.

HENRIOD, Justice:

Appeal from a judgment in a case tried to the court, that awarded damages for deceit against defendants Geis and Smith, and against defendant Intermountain Capital avoiding a mortgage against plaintiffs' realty. Affirmed with costs to Robertsons.

The facts developed and reflected in more than a 1,000 page record, at times were controversial but obviously were sifted by the trial judge who analyzed them and as obviously believed those that amply supported his judgment by clear and convincing evidence such as to hurdle the urgence of the appellants' to the contrary. We cannot say that because there is some controversion, there cannot be clear and convincing evidence for a conclusion. We think the evidence here to be such as to require our affirmance under traditional rules of review,—and looking at the facts we think there was clear and convincing

evidence to support it, in a light favorable to the judgment. In this respect we believe the appellants have in contradistinction thereto, recited the facts favorable only to themselves, to the exclusion of those supporting such judgment, and the rule recited.

No useful purpose could be served to recite with any great degree of specificity all or any substantial part of the evidence in this voluminous record.

This case had to do with defendant Geis, neighbor of plaintiffs, an elderly couple, in obtaining a deed from them for some realty, to be used as collateral. The purpose was to obtain funds to promote a secondhand equipment sales project in South America, by a Bermuda corporation created by defendant Smith. His interests were promoted by Geis who, as agent for him and his corporation and aided somewhat by one Whitely, assisted in forming a Utah corporation in order to get a federal Small Business Investment loan, not available to a foreign corporation. It appears from the record to have been a dummy corporation designed to do something indirectly that could not have been done directly in a promotional scheme at the outset. This was compounded by Smith's residence in Bermuda—which also was compounded by Whitely, a friend of Geis and Smith, but not the plaintiffs,—the details of which friendship extensively are recited in the findings of fact of the trial court which in our opinion are supported in the record and transcript, a matter of public record to which we refer, and recommended to the reader for greater specificity.

CALLISTER, C. J., and A. H. ELLETT, CROCKETT and TUCKETT, JJ., concur.